UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VESTER L. PATTERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | Case No.: 1:17-cv-01428-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS BE DENIED<br><br>(ECF No. 2)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Vester L. Patterson is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on October 24, 2017. (ECF No. 1). Currently before the Court is Plaintiff's motion for leave to proceed in forma pauperis, also filed on October 24, 2017. (ECF No. 2.)

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Specifically, Plaintiff has previously had three or more lawsuits dismissed as frivolous, malicious, or for the failure to state a claim upon which relief may be granted.[1]

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to § 1915(g). Andrews v. Cervantes, 493 F.3d 1047, 1053−55 (9th Cir. 2007). Plaintiff alleges that he has requested treatment for Hepatitis C; specifically, with drugs such as Harvoni, Sovaldi, and Viekira, which are cures for chronic Hepatitis C. Plaintiff suffers side effects of a bleeding nose, loss of appetite, and much fatigue. Plaintiff has been denied the requested treatment, and instead his medical providers have chosen a course of monitoring at this time.

Plaintiff's allegations that he is not being treated with his preferred medications, but that his condition is being medically monitored, do not show a serious danger of imminent physical injury. Therefore, Plaintiff has not shown that he meets the imminent danger exception to §1915(g), Plaintiff must pay the $400.00 filing fee if he wishes to litigate this action.[2]

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED, pursuant to 28 U.S.C. § 1915(g); and
2. Plaintiff be ORDERED to pay the $400 initial filing fee in full to proceed with this action.

///

---

[1] The Court takes judicial notice of the following cases: (1) Patterson v. Gravlin, No. 2:98-cv-1590-AAH-RC (C.D. Cal. Apr. 27, 1998) (dismissed for failure to state a claim and as frivolous); (2) Patterson v. Lombatoz, No. 3:98-cv-1759-AJB (S.D. Cal. Nov. 3, 1998) (dismissed for failure to state a claim); (3) Patterson v. Morris, No. 2:98-cv-5252-AAHRC (C.D. Cal. Nov. 9, 1998) (dismissed for failure to state a claim); (4) Patterson v. Zuniga, No. 2:11-cv-9713 (C.D. Cal.) (dismissed for the failure to state a claim and for seeking monetary relief from an immune defendant); and (5) Patterson v. Leslie, No. 2:12-cv-6088-UA-SS (C.D. Cal. Aug. 9, 2012) (order dismissing action for failure to state a claim).

[2] The Court is not ruling on whether the complaint states a cognizable claim at this time.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 30, 2017**   /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE